IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBALMERCHANDISING SERVICES, LTD, | )<br>)<br>) |
| Plaintiff, | ) Case No.<br>) |
| vs. | ) Judge:<br>) |
| VARIOUS JOHN DOES, individuals, VARIOUS JANE DOES, individuals, and XYZ COMPANY, business entity form unknown, inclusive, | ) Magistrate:<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT FOR
TRADEMARK INFRINGEMENT AND LANHAM ACT VIOLATIONS**

Plaintiff Global Merchandising Services, Ltd., by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2. Global Merchandising Services Ltd. ("Plaintiff") is a British limited liability corporation with its principal place of business in the United States in Los Angeles, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are

unknown at this time. This complaint will be amended when their true names and capacities are ascertained. Upon information and belief, the individual defendants will be present in and about the Northern District of Illinois in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

4. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the Northern District of Illinois and is or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

7. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing artists and groups, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of musical performers and concerts.

8. The group known as the **"GRATEFUL DEAD"** is the trademark used by this musical group in connection with the group's performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish the group's services from all other such artists. The group has used their mark in connection with recording and performing services for approximately 50 years. The group will

perform its historic 50 anniversary concerts entitled the **"Fare Thee Well, Celebrating 50 Years of the Grateful Dead,"** or the "Fare Thee Well."

9. The group has obtained Federal Trademark Registrations for their Grateful Dead trademarks. Many of these marks are incontestable. The **"Fare Thee Well, Celebrating 50 Years of the Grateful Dead,"** or "Fare Thee Well" concerts' marks and its performer, the Grateful Dead's trademarks, service marks, likeness, logos, designs, and other indicia are hereinafter collectively referred to as the "GD Trademarks."

10. Pursuant to an agreement between the group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize the GD Trademarks on and in connection with authorized Merchandise ("Concert Merchandise") sold and offered for sale in the vicinity of the group's concerts.

11. The group has used their trademarks to identify officially authorized goods and services and to distinguish their marks from those of others by, among other things, prominently displaying the GD Trademarks in advertising, on promotional material, on recording covers and on Concert Merchandise. The GD Trademarks have been used in interstate commerce on and for the purpose of identifying, among other things, Merchandise, including T-shirts and other apparel.

12. The group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. Previous tours by the group were attended by hundreds of thousands of people and almost all of the performances are sold out.

13. As a result of the foregoing, the GD Trademarks have developed and now possesses secondary and distinctive meaning to purchasers of Merchandise bearing any or all of the GD Trademarks.

14. On July 3, 4 and 5, 2015, at Soldier Field in Chicago, Illinois, the Fare the Well concerts will occur. Pursuant to the Agreement, the group has granted to Plaintiff the exclusive right to market Concert Merchandise bearing the GD Trademarks at or near the site of the concerts.

## DEFENDANTS' UNLAWFUL CONDUCT

15. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing some or all of the GD Trademarks (the "Infringing Merchandise") in the vicinity of the concerts before, during and after their performances. Defendants' Infringing Merchandise is not authorized by the group or Plaintiff. Defendants have sold Infringing Merchandise at prior concerts of the group.

16. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise sold and to be sold is unlicensed and is generally of inferior quality. Defendants' Infringing Merchandise has injured and is likely to injure the reputation of the group and Plaintiff which has developed by virtue of their public performances and/or reputation for high quality associated with Plaintiff and Concert Merchandise.

17. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized,

sponsored or approved by the Plaintiff and/or the group and that such Infringing Merchandise is subject to the same quality control and regulation required by the Plaintiff or the group, despite the fact that this is not true. It also injures the Plaintiff and the group in that Defendants do not have to pay any royalty for these unlawful sales.

18. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing the GD Trademarks constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the GD Trademark also constitutes an attempt to palm off and appropriate to themselves the Plaintiff's exclusive rights.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable. Upon information and belief, Defendants and others have and will continue to engage in such unauthorized activities and are likely to continue such activities to the great injury of Plaintiff and the group.

### FIRST CLAIM FOR RELIEF

(Infringement of Registered Trademarks)

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered marks.

### SECOND CLAIM FOR RELIEF

(Violation of the Lanham Act)

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this judicial district, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Group is performing, whether this occurs before, during or after the concerts on July 3, 4 and 5th in Chicago, Illinois at Soldier Field.

C. That Defendants deliver up for destruction any and all Unauthorized Merchandise.

D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: July 2, 2015

Respectfully Submitted,
GLOBALMERCHANDISING SERVICES, LTD
By:  /s/ Joseph J. Bogdan
Joseph J. Bogdan, Esq.
1322 S. Wabash Avenue, Suite 806
Chicago, Illinois 60605
Telephone: (312) 450-4655
Facsimile: (312) 275-7782

Cara R. Burns, Esq. (Pro Hac Vice to be requested)
Hicks, Mims, Kaplan & Burns
2800  28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1724